Courtney Hudson Goodson, Justice, concurring. I fully agree with the majority that the anonymous tip in this case does not support a finding that the officers had a reasonable belief that Evans resided in the motel room or that he was present at the time they entered, and accordingly, the officers’ entry into the motel room to serve the arrest | iswarrant was invalid. Therefore, I join the majority’s opinion. However, I write separately to emphasize that by citing to Navarette v. California, — U.S. -, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014), the majority is not equating the standard of reasonable belief, as established in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), to that of reasonable suspicion, as articulated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Courts are split on what quality of information is required to form a reasonable belief under Payton, supra. Some courts hold that the standard requires something akin to probable cause, while others hold that the requisite showing is a lower standard more comparable to reasonable suspicion. Compare United States v. Gorman, 314 F.3d 1105 (9th Cir.2002) with United States v. Thomas, 429 F.3d 282 (D.C.Cir.2005); Valdez v. McPheters, 172 F.3d 1220 (10th Cir.1999); United States v. Route, 104 F.3d 59 (5th Cir.1997); United States v. Risse, 83 F.3d 212 (8th Cir.1996); United States v. Lauter, 57 F.3d 212 (2d Cir.1995); United States v. Magluta, 44 F.3d 1530 (11th Cir.1995). In the future, this court may be called upon to determine the precise level of proof necessary to support a finding of a reasonable belief under Pay-ton, supra, but we need not decide that issue today because the facts of the instant case do not even rise to the level of reasonable suspicion. Accordingly, I concur in the majority’s analysis of this issue.